LAW OFFICES
WILLIAMS & CONNOLLY LLP®

SIMON A. LATCOVICH
(202) 434-5967
slatcovich@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

May 22, 2023

**Via ECF**

Catherine O'Hagan Wolfe
Clerk, U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

   **Re: *United States of America v. Zarrab (Turkiye Halk Bankasi)*,**
     **No. 20-3499**

Dear Ms. O'Hagan Wolfe,

  I write on behalf of defendant-appellant Türkiye Halk Bankasi A.Ş. ("Halkbank"). On October 22, 2021, this Court affirmed the district court's denial of Halkbank's motion to dismiss on foreign sovereign immunity grounds. ECF No. 95-1. On April 19, 2023, the Supreme Court vacated the judgment of the Court of Appeals on common-law immunity, and "remand[ed] for the Court of Appeals to consider the parties' common-law arguments." *Turkiye Halk Bankasi A.S. v. United States*, S. Ct. No. 21-1450, Slip Op. at 16 (Apr. 19, 2023) (attached); *see* ECF No. 128 (copy of slip opinion filed with this Court on April 20, 2023). On May 22, 2023, the Supreme Court issued its judgment, returning the case to this Court. ECF No. 130.

  Halkbank respectfully requests that this Court set a briefing schedule on remand, allowing (1) Halkbank 60 days to file an appellant's brief addressing common-law foreign sovereign immunity, (2) the government 60 days to file a responsive brief, and (3) Halkbank 30 days to file a reply brief. Conventional briefing is necessary given the breadth of the Supreme Court's remand. Apart from observing that foreign sovereign immunity originated in this country "as a matter of common law" through opinions such as *The Schooner Exchange v. McFaddon*, 11 U.S. (7 Cranch) 116 (1812), Slip Op. 5 (quoting *Samantar v. Yousuf*, 560 U.S. 305, 311 (2010)), the Supreme Court did not reach

WILLIAMS & CONNOLLY LLP
Catherine O'Hagan Wolfe
May 22, 2023
Page 2

conclusions on the common law of sovereign immunity. The Court "express[ed] no view on those issues and le[ft] them for the Court of Appeals to consider on remand." *Id.* at 15. As Justice Gorsuch's separate opinion noted, "[m]any thorny questions lie down the 'common law' path." Slip Op. (Gorsuch, J., concurring in part and dissenting in part) at 5-6. Those issues include, *inter alia*, the nature and scope of sovereign immunity in criminal proceedings as it existed before the passage of the Foreign Sovereign Immunities Act in 1976, the role of customary international law, and the extent to which federal courts should defer to immunity determinations of the executive branch. *See id.* at 6-7 (identifying some of the issues); *see also* Slip Op. (opinion of the court) at 15.

Because the parties' original briefs in this appeal addressed primarily statutory and jurisdictional arguments, Halkbank respectfully suggests that the Court would be best served by traditional briefing on these complex issues within typical word limits for parties' appeal briefs.

Respectfully submitted,

/s/ Simon Latcovich

Simon Latcovich

Attachment
cc: All counsel of record (via ECF)